UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| JASON R. SEARCY, TRUSTEE FOR THE BANKRUPTCY ESTATE OF PINTO PONY COOKIE FACTORY, LLC<br>    Plaintiff,<br><br>vs.<br><br>STATE AUTOMOBILE MUTUAL INSURANCE COMPANY<br>    Defendant. | Civil Action Number<br><br>Jury |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, State Automobile Mutual Insurance Company ("State Auto"), files this Notice of Removal pursuant to 28 U.S.C. §1446(a), and respectfully shows as follows:

## I.
## INTRODUCTION

1. Plaintiff is Jason R. Searcy, Trustee for the Bankruptcy Estate of Pinto Pony Cookie Factory, LLC (hereinafter "Plaintiff"); Defendant is State Automobile Mutual Insurance Company (hereinafter "State Auto" or "Defendant"). There are no other parties. *See* Plaintiff's Original Petition, attached as Exhibit "A - 1".

2. On August 22 2016, Plaintiff filed Cause No. CV-16-9680, *Jason R. Searcy, Trustee for the Bankruptcy Estate of Pinto Pony Cookie Factory, LLC vs. State Automobile Mutual Insurance Company* in the District Court of San Augustine County, Texas ("State Court Action"). *See* Exhibit "A - 1". Plaintiff's suit alleges breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing, relating to damage allegedly suffered at Pinto Pony Cookie Factory, LLC's business located at 114 North Harrison

Street, San Augustine, Texas. *See* Exhibit "A - 1". Plaintiff demanded a trial by jury in his Original Petition. *See* Exhibit "A - 1."

3.     A citation was issued and State Automobile Mutual Insurance Company was served on August 26, 2016. *See* Exhibit "A – 3" and Affidavit of Sherri King attached as Exhibit "B". State Auto files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007). State Auto files its Answer in this Court, contemporaneously with the filing of this Notice. State Auto demands a trial by jury in this Court.

4.     Plaintiff has not filed any amended pleadings and no additional parties have been joined. A certified copy of the State Court's Docket Sheet is attached as Exhibit "A - 4."

## II.
## REMOVAL BASED ON DIVERSITY JURISDICTION

5.     Pursuant to 28 U.S.C. §1332(a), State Auto removes this case as it involves a controversy between parties of diverse citizenship and an amount in controversy that exceeds $75,000.00.

6.     Plaintiff is a citizen of Texas. *See* Exhibit "A - 1". Per the Texas Secretary of State, Pinto Pony Cookie Factory, LLC is a corporation organized under the laws of the state of Texas with its principal place of business in San Augustine, Texas. State Automobile Mutual Insurance Company is a foreign corporation organized under the laws of the state of Ohio with its principal place of business located at 518 E. Broad Street, Columbus, Ohio 43215. *See* Exhibit "B."

7.     Additionally, the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. §1332(a). Plaintiff's Original Petition fails to identify the amount of relief sought, in violation of Texas Rule of Civil Procedure 47(c). *See* Exhibit "A – 1." When ambiguities as to the amount in controversy exist, the Defendant may support federal jurisdiction

by establishing facts in the removal petition or by affidavit to illustrate that the amount in controversy is in excess of $75,000.00. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). Statutory penalties and punitive damages must be considered in determining the amount of controversy, so long as they are recoverable under state law. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Because Plaintiff has not included any amount of damages in his Original Petition, State Auto must look to other sources to determine the amount in controversy. On or about June 30, 2016, Plaintiff sent a letter to State Auto that attempted to provide the statutory notice under the Texas Insurance Code and Texas Deceptive Trade Practices Act. *See* Exhibit "B-3." The Texas Insurance Code and Texas Deceptive Trade Practices Act require that an insured provide the carrier with sixty (60) days' advance notice prior to filing suit, and requires that the insured provide the amount of damages. Tex. Bus. & Comm. Code Ann. §17.505; Tex. Ins. Code Ann. §541.154. Despite these requirements, Plaintiff's letter failed to provide the amount of damages sought by Plaintiff. *See* Exhibit "B-3." In fact, the only damages presented were provided by the insured during the adjustment of the claim that make the basis of Plaintiff's suit. Specifically, the insured, Pinto Pony Cookie Factory LLC, provided a damage estimate to State Auto (hereinafter "Damage Estimate"), which quantifies a portion of the Plaintiff's alleged damages at $155,943.71. *See* Exhibit "B-2." State Auto has made payments on this claim totaling $92,661.32. *See* Exhibit "B." It is unclear whether the insured's Damage Estimate accounts for the prior payments made by State Auto. Even assuming State Auto's prior payments of $92,661.32 are not included and should be subtracted from the insured's Damage Estimate of $155,943.71, the total of actual damages would be $63,282.39. After including treble and exemplary damages, as requested in Plaintiff's Original Petition, the amount in controversy well exceeds $75,000.00. *See* Exhibit

"A-1." While State Auto does not agree with the Damage Estimate provided by the insured, this document serves to quantify the amount in controversy for purposes of diversity jurisdiction.

8.  State Auto is the only defendant in this action; therefore, no consent is needed for the removal of this case to federal court.

9.  An Index of Exhibits is attached as Exhibit "A". Copies of all pleadings, process, orders, and other filings in the State Court Action are attached to this notice as Exhibits "A - 1" through "A - 4" as required by 28 U.S.C. §1446(a), including a certified copy of the state court's docket sheet, as required by Local Rule CV-81. A list of the parties in the case, party type, case status, list of attorneys involved, and a record of which parties have requested trial by jury is attached as Exhibit "C," as required by Local Rule CV-81.

10. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this District and within this Division.

11. State Auto will promptly file a copy of this Notice of Removal with the clerk of the court in the pending State Court Action.

### III.
### JURY DEMANDED

12. State Auto requests that this matter be heard by a jury in this Court.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, State Auto, prays that this case be removed to the United States District Court for the Eastern District of Texas, Lufkin Division, and that further proceedings in the State Court Action be discontinued, and that this Court assume full jurisdiction over such action as provided by law.

Respectfully submitted,

*/s/ Sterling Elza*
Sterling Elza
Attorney-In-Charge
State Bar No. 24026823
Alicia A. Murphy
State Bar No. 24095005
306 West 7th Street, Suite 200
Fort Worth, Texas 76102-4905
Tel: 817/332-1391
Fax: 817/870-2427
Email: selza@browndean.com
amurphy@browndean.com

**ATTORNEY FOR DEFENDANT,
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was served upon the Plaintiff by serving his counsel of record, Jeff Bates, Guidry, Bates & Hoyt Attorneys, LLP, 118 E. Hospital Street, Suite 100, Nacogdoches, Texas 75961, (936) 560-5996, via fax and certified mail, return receipt requested, on this the 16th day of September, 2016.

*/s/ Sterling Elza*
Sterling Elza